HUGHES, J., would grant.
GENOVESE, J., would grant for the reasons assigned by Johnson, F. J.
JOHNSON, C.J., would grant defendant's writ application and assigns reasons.
The defendant, David Ruff, was shopping at a local hardware store with his family when he was approached by Deputy Travis Depew in the parking lot. Deputy Depew asked the defendant to identify himself because he was investigating possible criminal activity. The defendant gave Deputy Depew his identification but the officer insisted that Ruff step over to his police car so that he could run his name in the database. At that point the defendant became agitated and angry, which Deputy Depew interpreted as threatening, and he wrestled the defendant to the ground and handcuffed him.
An arrest requires probable cause, while an investigatory stop requires only the lesser standard of reasonable suspicion enunciated in Terry v. Ohio , 392 U.S. 1, 88 S.Ct. 1868 (1968). Although this lesser standard is required for police to make an investigatory stop, it does not negate that the Court has recognized that "[i]n making a brief investigatory stop the police still 'must have a particularized and objective basis for suspecting the particular person stopped of criminal activity.' " State v. Kalie , 96-2650, p. 3 (La. 9/19/97), 699 So.2d 879, 881 (quoting United States v. Cortez , 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981) ). The police must therefore "articulate something more than an " 'inchoate and unparticularized suspicion or "hunch." ' " United States v. Sokolow , 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989) (quoting Terry , 392 U.S. at 27, 88 S.Ct. at 1883 )). This level of suspicion, however, need not rise to the probable cause required for a lawful arrest. The police need have only " 'some minimal level of objective justification ....' " Sokolow , 490 U.S. at 7, 109 S.Ct. at 1585 (quoting INS v. Delgado , 466 U.S. 210, 217, 104 S.Ct. 1758, 1763, 80 L.Ed.2d 247 (1984) ). A reviewing court must take into account the "totality of the circumstances-the whole picture," giving deference to the inferences and deductions of a trained police officer "that might well elude an untrained person." Cortez , 449 U.S. at 418, 101 S.Ct. at 695.
Deputy Depew's own testimony establishes that he did not suspect defendant of any crime; in fact, the person suspected of the criminal activity was named Travis Johnson.
Once Deputy Depew approached the defendant and the defendant cooperated with the deputy's request and provided identification, which confirmed his identity as David Ruff, the investigation should have *491 halted. This defendant was protecting and exercising his right to resist the unlawful arrest.
The law on this issue is long standing. "An individual in Louisiana has a time-honored right to resist an illegal arrest." State v. Fairman , 15-67, p.7 (La. App. 5 Cir. 9/23/15), 173 So.3d 1278, 1285 (citing City of Monroe v. Goldston, 95-0315 (La.9/29/95), 661 So.2d 428, 430 ; White v. Morris, 345 So.2d 461, 465 (La.1977) ).
For these reasons, I would grant the writ.